**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6831**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

KENNETH ROSHAUN REID,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Cameron McGowan Currie, Senior District Judge. (0:04-cr-00353-CMC-1)

Submitted: November 18, 2021               Decided: November 22, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Kenneth Roshaun Reid, Appellant Pro Se. William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid has noted an appeal from the district court's order denying his motion for the clerk to reissue a remand order, motion for a writ, motion for acquittal, motion to appoint counsel, motion to correct his presentence report, and writ of habeas corpus.

We have reviewed the record and find no reversible error in the district court's denial of Reid's motions for the clerk to reissue a remand order and for a writ. Accordingly, we affirm for the reasons stated by the district court. *United States v. Reid*, No. 0:04-cr-00353-CMC-1 (D.S.C. May 10, 2021).

Reid's motions for acquittal, to correct his presentence report, and writ of habeas corpus were, in substance, a successive 28 U.S.C. § 2255 motion, and Reid also sought appointment of counsel to pursue a § 2255 motion. The denial of these orders is not appealable in the absence of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

Reid's motions challenged the validity of his convictions and sentence and should have been construed as a successive § 2255 motion.[*] *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In the absence of pre-filing authorization from this Court, the district court lacked jurisdiction to hear Reid's successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] The district court denied relief on Reid's prior § 2255 motion on the merits in 2010.